Nita R. BALTZELL, Appellant,

v.

BAPTIST MEDICAL CENTER, William C. Van Buskirk, Eugene C. Capps, Respondents.

No. WD 37486.

Missouri Court of Appeals,
Western District.

Oct. 14, 1986.

Elwyn L. Cady, Jr., Independence, for appellant.

James F. Stigall, Kuraner & Schwelger, Kansas City, for respondents.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

PER CURIAM.

The appellant Nita Baltzell filed this suit against the respondents, a hospital and two physicians for damages for gaining her consent to surgery without having disclosed to her the inherent risks involved. Her petition alleges she was not told of complications that could, and did develop from surgery upon her and thus rendered her consent "nugatory" resulting in her case for "surgical battery." The trial court, at the end of plaintiff's case, directed a verdict in favor of the three defendants.

Baltzell had noticed a lump in her breast. Having had a personal history of cysts and her mother having died of cancer, she called her longtime physician, the defendant Van Buskirk. He advised immediate removal and examination of the lump. The surgery was done a few days later at the defendant Baptist Hospital. The anesthetic was actually administered by an associate of the defendant, Dr. Capps. Baltzell gave her consent to the Hospital to initiate further surgery if the test results warranted.

Following the removal of the lump Baltzell developed a staph infection in the area of the incision. This suit followed with the plaintiff's testimony she was not warned by any of the defendants that infection was a possible complication of surgery, and if she had known of this possibility she would have sought alternative treatment. Baltzell introduced the following deposition testimony of an expert witness, Dr. Payne:

Q. So, in the practice of your profession the, it's an ordinary requirement that you discuss with the patient prior to surgery about wound infection as a possible complication; is it not?

A. That's right.

Q. And you gain a consent of the ordinary standard of care to that patient, understanding that there is a possible complication of wound infection?

A. That's correct.

Q. And that's a standard not just used by you but it's a national standard in this county, is it not, Doctor, to you knowledge?

A. To the best of my knowledge, yes. Dr. Payne also said there is a five to ten percent chance of infection, including a stitch abscess following surgery.

The scope of review for a directed verdict at the close of plaintiff's case is that all evidence and reasonable inferences from that evidence must be viewed in a light most favorable to the plaintiff in order to determine if a submissible case has been made against each defendant on the theory presented in the petition. *Rustici v. Weidemeyer*, 673 S.W.2d 762, 765 (Mo. banc 1984); *Lewis v. Envirotech Corp.*, 674 S.W.2d 105, 110–11 (Mo.App.1984). The judgment is affirmed in part and reversed in part.

■ The trial court determined the hospital had no duty to inform of the risks of infection in this surgical battery case. Baltzell came to the hospital the morning before surgery. A nurse gave her a consent form to the operation to remove the lump and total removal of the breast if necessary. The form also stated there were risks connected with such a procedure. Baltzell had been admitted as Van Buskirk's patient and, on these facts, *Roberson v. Menorah Medical Center*, 588 S.W.2d 134 (Mo.App.1979) controls. There is no evidence in the record giving rise to a duty on the part of the hospital to inform the patient of risks as to this surgical procedure. Here, as in *Roberson*, the plaintiff was the patient of the doctor who recommended and discussed with her the operation. Similarly, there was no suggestion of the doctor being an agent of the hospital so the directed verdict for the hospital was proper. 588 S.W.2d at 137; *Ackerman v. Lerwick*, 676 S.W.2d 318, 321 (Mo.App. 1984); *Porter v. Sisters of St. Mary*, 756 F.2d 669 (8th Cir.1985).

■ The directed verdict was also correct as to the defendant Dr. Capps. The record clearly discloses Capps, though sued, did not take part in the operation. On that basis alone, the portion of the judgment as to him should be sustained.

■ The difficult issue is as to the treating physician. Again, this was not a case in medical negligence but for surgical battery, for failure to obtain the patient's informed consent. Normally such a cause results from performance of an operation against the patient's wishes, or when the surgery performed is different, or to a part of the body different from the consent. 61 Am.Jur.2d Physicians, Surgeons, and Other Healers, § 197 (1981). In *Aiken v. Clary*, 396 S.W.2d 668, 674 (Mo.1965), the supreme court held disclosure of risks in a particular situation involves medical judgment and expert testimony is required. The test is what a reasonable doctor would do under the same or similar circumstances. *Eichelberger v. Barnes Hospital*, 655 S.W.2d 699, 705 (Mo.App.1983). The elements and proof required in cases brought under a malpractice theory are set out in *Cebula v. Benoit*, 652 S.W.2d 304 (Mo.App.1983); *Cress v. Mayer*, 626 S.W.2d 430 (Mo.App. 1981); and *Langton v. Brown*, 591 S.W.2d 84 (Mo.App.1979).

■ The pivotal question here is was the evidence of no disclosure of infection by Van Buskirk and the quoted testimony of the medical expert is sufficient to make a submissible case. The inference from Dr. Payne's testimony is that the doctor must make some statement to the patient of possible wound infection. On the basis of review of this case it is held the evidence and reasonable inferences the plaintiff made a case and the directed verdict for the doctor incorrect.

The judgment is affirmed as to the hospital and Capps, and is reversed as to Van Buskirk, and remanded for trial.