Carla LUCAS and Jerry Lucas, h/w, Plaintiffs,

v.

CHRISTIANA SKATING CENTER, LTD., Defendant.

No. 95C–10–108–JEB.

Superior Court of Delaware, New Castle County.

Submitted: Nov. 26, 1997.

Decided: April 17, 1998.

Bruce L. Hudson, Wilmington, DE, for Plaintiffs.

C. Scott Reese, Cooch & Taylor, Wilmington, DE, for Defendant.

### OPINION

BABIARZ, Judge.

This is the Court's opinion regarding plaintiffs' motion to amend their Complaint to include counts for negligent and intentional spoliation of evidence. Plaintiffs Carla and Jerry Lucas argue that independent causes of action based on negligent and intentional spoliation of evidence should be recognized in Delaware. For the reasons set forth below, plaintiffs' motion is DENIED.

18. *In re Tri–Star Pictures, Inc.,* Del.Supr., 634 A.2d 319 (1993).

## I. FACTS

On October 14, 1993, plaintiff Carla Lucas was injured while roller-skating at the Christiana Skating Center, Ltd. ("CSC"). At the time she sustained her injuries, she was using skates she had rented from CSC. Her injury was allegedly caused when a pivot pin connecting the rear wheel assembly to the skate shoe became dislodged.

One of CSC's employees took the skate from the scene of the accident. Shortly thereafter, either the owner or an employee of CSC placed a tag on the skate to indicate that the skate had been involved in an accident, and placed the skate in an office. The tag stated the date of the accident and the name of the injured skater.

On October 12, 1995, plaintiffs instituted the present action claiming that the accident was caused by the negligence of CSC. Approximately one year later, plaintiffs requested the skate for purposes of examination, and were informed that it was no longer in CSC's possession. CSC's owner, Charlie Whalig, testified in his deposition that CSC began using plastic skates in approximately March or April 1994. He testified that at that time, the damaged leather skate had probably been included with the other leather skates that were sent to one of two other skating rinks owned by him. Whalig also indicated that the necessary repair to the damaged skate could have been easily performed, and the skate then could have been returned to service and indistinguishable from any other leather skate.

Upon learning that the skate was unavailable for examination, plaintiffs filed a motion to amend their Complaint to include the independent torts of negligent and intentional spoliation of evidence.

## II. DISCUSSION

 Courts in Delaware recognize the general rule that "where a litigant intentionally suppresses or destroys pertinent evidence, an inference arises that such evidence would be unfavorable to his case." *Collins v. Throckmorton,* Del.Supr., 425 A.2d 146, 150 (1980) (citing *Larsen v. Romeo,* Md.Ct.App., 254 Md. 220, 255 A.2d 387 (1969)). This

inference is a product of the legal maxim *omnia praesumuntur contra spoliatorem,* "all things are to be presumed against the destroyer." Robert Tucker, *The Flexible Doctrine of Spoliation of Evidence: Cause of Action, Defense, Evidentiary Presumption, and Discovery Sanction,* 27 U. Tol. L.Rev. 67, 77 (1995).

Plaintiffs argue that while this legal maxim may be an adequate remedy when the plaintiff is the spoliator, it fails to protect the plaintiff when the defendant acts as the spoliator. Plaintiffs assert that when the defendant is the spoliator, the inference cannot "guarantee the direction or the magnitude of the judgment." They argue that given a choice between the spoliator bearing the loss for his own intentional or negligent conduct and the innocent party bearing the loss by means of an insufficient judgment, the American justice system requires that the spoliating party bear the loss. Plaintiffs conclude that the only way to ensure this outcome is for the Court to recognize spoliation of evidence as an independent tort. The Court disagrees with this argument.

At least twenty-five other states have addressed the issue of whether to recognize a cause of action for intentional and/or negligent spoliation of evidence. Of those states, only California, Florida and Ohio have chosen to recognize a cause of action for negligent spoliation of evidence. *See Smith v. Howard Johnson Co.,* Ohio, 67 Ohio St.3d 28, 615 N.E.2d 1037 (1993); *Velasco v. Commercial Bldg. Maintenance Co.,* Cal.Ct.App., 169 Cal. App.3d 874, 215 Cal.Rptr. 504 (1985); *Bondu v. Gurvich,* Fla.Dist.Ct.App., 473 So.2d 1307 (1984). Only a handful of states have recognized a cause of action for intentional spoliation of evidence. *See Ortega v. Trevino,* Tex.App.—Corpus Christi, 938 S.W.2d 219 (1997) (*but see, Malone v. Foster,* Tex.App.— Dallas, 956 S.W.2d 573 (1997)); *Coleman v. Eddy Potash,* N.M., 120 N.M. 645, 905 P.2d 185 (1995); *Hirsch v. General Motors Corp.,* N.J.Super.Ct.Law Div., 266 N.J.Super. 222, 628 A.2d 1108 (1993); *Smith,* 67 Ohio St.3d 28, 615 N.E.2d 1037; *Hazen v. Municipality of Anchorage,* Alaska, 718 P.2d 456 (1986); *Smith v. Superior Court for the County of*

*Los Angeles,* Cal.Ct.App., 151 Cal.App.3d 491, 198 Cal.Rptr. 829 (1984).

A majority of the states that have addressed this issue have either expressly refused to recognize a cause of action for negligent or intentional spoliation of evidence, or declined to address the merits of those causes of action and decided the case based on other grounds. *See* Tucker, *supra,* at 72–3. Those states include: Alabama, *Christian v. Kenneth Chandler Constr. Co.,* Ala., 658 So.2d 408 (1995); Arizona, *La Raia v. Superior Court,* Ariz., 150 Ariz. 118, 722 P.2d 286 (1986); Arkansas, *Wilson v. Beloit Corp.,* 8th Cir., 921 F.2d 765 (1990); Connecticut, *Beers v. Bayliner Marine Corp.,* Conn., 236 Conn. 769, 675 A.2d 829 (1996); Georgia, *Gardner v. Blackston,* Ga.Ct.App., 185 Ga.App. 754, 365 S.E.2d 545 (1988); Idaho, *Murray v. Farmers Ins. Co.,* Idaho, 118 Idaho 224, 796 P.2d 101 (1990); Illinois, *Boyd v. Travelers' Ins. Co.,* Ill., 166 Ill.2d 188, 209 Ill.Dec. 727, 652 N.E.2d 267 (1995); Indiana, *Murphy v. Target Products,* Ind.App.3d Dist., 580 N.E.2d 687 (1991); Kansas, *Koplin v. Rosel Well Perforators, Inc.,* Kan., 241 Kan. 206, 734 P.2d 1177 (1987); Kentucky, *Monsanto Co. v. Reed,* Ky., 950 S.W.2d 811 (1997); Louisiana, *Edwards v. Louisville Ladder Co.,* W.D. La., 796 F.Supp. 966, 971 (1992); Maryland, *Miller v. Montgomery County,* Md.Ct. Sp.App., 64 Md.App. 202, 494 A.2d 761 (1985); Michigan, *Panich v. Iron Wood Products,* Mich.Ct.App., 179 Mich.App. 136, 445 N.W.2d 795 (1989); Minnesota, *Federated Mut. v. Litchfield Precision Components, Inc.,* Minn., 456 N.W.2d 434 (1990); Missouri, *Baugher v. Gates Rubber,* Mo.Ct.App., 863 S.W.2d 905 (1993); New Hampshire, *Rodriguez v. Webb,* N.H., 141 N.H. 177, 680 A.2d 604 (1996); New York, *Weigl v. Quincy Specialties,* N.Y., 158 Misc.2d 753, 601 N.Y.S.2d 774 (1993); Pennsylvania, *Olson v. Grutza,* Pa.Super.Ct., 428 Pa.Super. 378, 631 A.2d 191 (1993); West Virginia, *Taylor v. Ford Motor Corp.,* W.Va., 185 W.Va. 518, 408 S.E.2d 270 (1991). *Id.*

In a case that is factually similar to the one *sub judice,* the Maryland Court of Special Appeals refused to recognize a separate cause of action for acts of spoliation by a defendant, stating that "there [wa]s no basis or need for one." *Miller v. Montgomery County,* Md.Ct.Spec.App., 64 Md.App. 202, 494 A.2d 761, 768 (1985), *cert. denied,* 304 Md. 299, 498 A.2d 1185 (1985). The court in *Miller* held that the intentional destruction of evidence by a party "gives rise to an inference that the evidence would have been unfavorable to his cause," but does not "amount to substantive proof of a fact essential to his opponent's cause." *Id.* This Court adopts the *Miller* court's reasoning.

In *Miller,* following an automobile accident that allegedly occurred as a result of a defective traffic light, a technician employed by the defendant had inspected the light. Tests performed on the traffic light indicated that its failure to perform properly was caused by a defect in the device that controlled the light. The technician then replaced the device, sealed the defective one in a bag, and placed a tag on it to indicate that it may have been the cause of an automobile accident.

The court in *Miller* reasoned that if the jury were to find that the defendant's employee had altered the allegedly defective device in the traffic light but without fraudulent intent, it could infer from that finding that the device was defective. *Miller,* 494 A.2d at 768. If, however, the jury were to find that the defendant's employee had altered the device with the fraudulent intent to conceal the defect, such conduct could be interpreted by the jury as an indication of the defendant's consciousness of the weakness of its case and a belief that it would not prevail without the use of improper tactics. *Id.* When combined with the other evidence, the latter inference "could lead to a further inference that [the defendant] tampered with the evidence because it was guilty of the wrong of which it was accused." *Id.* (citing *Meyer v. McDonnell,* Md.App.Ct., 40 Md. App. 524, 392 A.2d 1129 (1978), where the "tampering" was in the form of intimidating an opposing party's expert witness). Regardless of which finding the jury made, the *Miller* court concluded that the appropriate remedy for the alleged spoliation was jury instructions as to permissible inferences, and not a separate cause of action. *Id.*

■ The Court finds the *Miller* court's reasoning to be persuasive even though the

spoliation that was alleged in *Miller* was in the form of alteration, and not destruction of evidence as is presently alleged. Regardless of the form of spoliation being alleged, the result is still the same. In the present action, CSC allegedly spoliated the evidence by destroying or removing it. If evidence of negligent or intentional spoliation by CSC is presented, the proper remedy would be for the Court to instruct the jury that an inference may arise that the skate would have been unfavorable to CSC's case, and not for the court to recognize a separate cause of action. *Collins*, 425 A.2d at 150; *Miller*, 494 A.2d at 768.

Specifically, as recognized by the court in *Miller*, if a jury were to find that CSC had destroyed or removed the skate with the fraudulent intent to conceal the defect in the skate, such conduct could, but is not required, to be interpreted by the jury as an indication of the consciousness of the weakness of CSC's case and a belief that it would not prevail without the use of improper tactics. *Miller*, 494 A.2d at 768. When coupled with the other evidence, the above inference could lead to an additional inference that CSC had tampered with the evidence because it was guilty of the negligence that has been averred against it. *Id.*

The Court finds that jury instructions as to permissible inferences provide adequate protection for a plaintiff and, thus, it refuses to recognize independent torts of negligent or intentional spoliation of evidence.[1] Plaintiffs argue that the inference fails to protect a plaintiff when the defendant acts as the spoliator because such inference cannot guarantee the direction or the magnitude of the judgment. However, in setting forth this argument, plaintiffs have overlooked the fact that even if a plaintiff was the alleged spoliator, the inference still would not be able to guarantee the direction or the magnitude of the judgment. Such decisions are to be made by the finder of fact and are never guaranteed.

■ In addition, the existence of a criminal statute in this State that renders the destruction of evidence a criminal offense makes it further unnecessary for the Court to recognize a tort of spoliation of evidence. As the parties have acknowledged, 11 *Del. C.* § 1269, entitled "Tampering with physical evidence; class G felony," provides, in pertinent part:

> A person is guilty of tampering with physical evidence when ... [b]elieving that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent its production or use, the person suppresses it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person.

11 *Del. C.* § 1269(2). Plaintiffs argue that the criminal statute has lost its deterrent capability because it has not been relied upon by the courts. They argue that recognition of a tort of spoliation of evidence would provide such deterrence.

The Court, however, believes that 11 *Del. C.* § 1269 provides sufficient deterrence from altering, destroying or otherwise tampering with evidence. It would be repetitive for the Court to recognize new tort-based causes of action for tampering with or destroying evidence when a criminal statute has already been enacted to deter such acts. Furthermore, contrary to plaintiffs' assertion, 11 *Del. C.* § 1269 has been relied upon in attempting to punish parties for tampering with evidence. *See, e.g., Matter of Sutton*, Del.Super., Cr. A. No. 96M–08–024, Cooch, J., 1996 WL 659002 (Aug. 30, 1996); *State v. Parretti*, Cr. A. Nos. IN92–07–1338 and IN92–07–1339, Cooch, J., 1995 WL 269889 (Apr. 17, 1995); *State v. Foster*, Cr. A. No. IN89–10–0238, Tolliver, J., 1994 WL 164632 (Apr. 27, 1994).

This Court is not the first to refuse to recognize these causes of action based on the existence of an adequate criminal remedy. In so holding, the Court joins the numerous courts from other jurisdictions that have refused to recognize actions for negligent or intentional spoliation of evidence based in

---

1. For a similar approach in criminal cases, see *Lolly v. State*, Del.Supr., 611 A.2d 956 (1992); *Hammond v. State*, Del.Supr., 569 A.2d 81 (1989); and *Deberry v. State*, Del.Supr., 457 A.2d 744 (1983).

whole or in part upon the existence of an adequate criminal penalty. *See Hirsch v. General Motors Corp.,* N.J.Super.L., 266 N.J.Super. 222, 628 A.2d 1108, 1114 (1993) (citing Pati Jo Pofahl, *Smith v. Superior Court: A New Tort of Intentional Spoliation of Evidence,* 69 Minn. L.Rev. 961, 966 (1985) (citations therein)).

### III. CONCLUSION

For the reasons stated above, the Court refuses to recognize independent causes of action based on negligent or intentional spoli-ation of evidence. Accordingly, Plaintiffs' motion to amend their Complaint to include counts for negligent and intentional spolia-tion of evidence is **DENIED.**

**IT IS SO ORDERED.**