OPINION
 

 By the Court,
 

 Agosti, J.:
 

 This case asks whether Nevada should permit recovery in tort for spoliation of evidence. Appellant Timber Tech Engineered Building Products (“Timber Tech”) sued the respondents, The Home Insurance Company (“Home”), Travelers’ Casualty & Surety Company (“Travelers’ ”) and Perkins General Contractors, Inc. (“Perkins”), for their failure to preserve certain evidence that was relevant to a separate personal injury action.
 

 The personal injury case arose in 1992 when Red Line Taco, L.V. LTD Partnership, d/b/a Taco Cabana (“Taco Cabana”), hired Perkins as the general contractor for the construction of a restaurant in Las Vegas. Perkins subcontracted with Timber Tech to install trusses for the restaurant’s ceiling. On March 21, 1993, the ceiling of the Taco Cabana restaurant suddenly collapsed, and several patrons were injured. The injured patrons sued Taco Cabana, Perkins, Timber Tech and several other parties. As a consequence, Taco Cabana’s insurer, Home, and Perkins’ insurer, Travelers’, became involved in the case.
 

 Shortly after the ceiling collapse, Perkins, Taco Cabana and the Valmar Construction Company, which had installed a decorative ceiling in the restaurant, entered into a preservation of evidence agreement. The agreement provided that the debris from the collapse would be stored in a warehouse until all claims arising from the incident were resolved; Home and Travelers’ would bear the cost of storage. Accordingly, the debris was stored in a warehouse for the next three years. In early 1996, however, Home and Travelers’ advised the warehouse that they were no longer interested in paying the storage fees. The warehouse disposed of the debris a few months later.
 

 After settling with the injured patrons, Timber Tech brought the instant action against Perkins, Home and Travelers’, alleging that it had been harmed as a result of the destruction of the debris. Timber Tech claimed that without the debris it was unable to prove that it was not responsible for the collapse and the injuries sustained by the patrons in the collapse. Timber Tech’s complaint contained three claims for relief, entitled “Punitive Damages,” “Equitable Indemnification” and “Contribution”; however, each claim sought relief based upon the alleged spoliation of evidence. Both Home and Travelers’ filed motions for dismissal, arguing
 
 *632
 
 that Nevada does not recognize a tort for spoliation of evidence. The district court granted both motions. Subsequently, Perkins moved for summary judgment, arguing that as a matter of law Timber Tech could not recover from Perkins. The district court granted Perkins’ motion as well.
 

 Timber Tech asserts on appeal that it should be permitted to recover in tort against the respondents because they caused Timber Tech harm in the personal injury action by destroying the ceiling debris. Timber Tech concedes that Nevada has yet to recognize an independent tort for spoliation of evidence; however, Timber Tech urges this court to join the minority of jurisdictions that have recognized spoliation of evidence as an independent tort claim.
 
 [1]
 
 Because we decline to recognize a tort claim for spoliation of evidence, we affirm the judgments of the district court.
 

 Whether Nevada should recognize an independent tort for spoliation of evidence is an issue of first impression in Nevada. We review this question of law de novo.
 
 [2]
 
 In 1984, California took the lead in recognizing a tort remedy for spoliation of evidence in
 
 Smith v. Superior Court for County of L.A.
 

 [3]
 

 While some jurisdictions followed California’s example,
 
 [4]
 
 the vast majority of jurisdictions have never recognized tort remedies for spoliation of evidence.
 
 [5]
 
 Moreover, California recently overruled its prior precedent and eliminated both first-party and third-party spoliation
 
 *633
 
 claims.
 
 [6]
 
 First-party spoliation claims are against parties to the underlying litigation, whereas third-party spoliation claims are against non-parties to the underlying litigation.
 
 [7]
 
 In making its determination of whether to recognize first- or third-party spoliation claims, the California Supreme Court weighed the usefulness of spoliation claims against the burdens associated with permitting them.
 
 [8]
 
 Additionally, the court examined the existing non-tort remedies that could deter spoliation of evidence.
 
 [9]
 
 Ultimately, the California Supreme Court, which had already eliminated claims for first-party spoliation in a similar opinion, summarized its view as follows:
 

 In sum, we conclude that the benefits of recognizing a tort cause of action, in order to deter third party spoliation of evidence and compensate victims of such misconduct, are outweighed by the burden to litigants, witnesses, and the judicial system that would be imposed by potentially endless litigation over a speculative loss, and by the cost to society of promoting onerous record and evidence retention policies.
 
 [10]
 

 We concur with the reasoning of the California Supreme Court, and accordingly, we decline to recognize an independent tort for spoliation of evidence regardless of whether the alleged spoliation is committed by a first or third party.
 

 Additionally, while Timber Tech asserts that it could also recover under existing common-law negligence, we conclude that
 
 *634
 
 a negligence claim for spoliation does not exist under the circumstances presented in this case. Timber Tech cannot succeed on a negligence theory because the respondents never owed a duty to Timber Tech to preserve the ceiling debris. The preservation of evidence agreement did not create a duty in tort between Timber Tech and the respondents. Rather, the preservation of evidence agreement created contractual rights and obligations between the parties to the agreement, not Timber Tech.
 

 Finally, we decline to reach the merits of Timber Tech’s contention that it has a viable breach of contract claim based upon the preservation of evidence agreement. Timber Tech neither pleaded breach of contract in its complaint nor raised it in any fashion as an issue in the district court, and therefore, we will not address the issue on appeal.
 
 [11]
 

 Accordingly, we affirm the judgment of the district court dismissing Timber Tech’s complaint against Home and Travelers’ and granting summary judgment in favor of Perkins.
 
 [12]
 

 Young and Leavitt, JJ., concur.
 

 [1]
 

 See, e.g., Hazen
 
 v.
 
 Municipality of Anchorage,
 
 718 P.2d 456, 463 (Alaska 1986) (recognizing a cause of action in tort based upon spoliation of evidence);
 
 Holmes
 
 v.
 
 Amerex Rent-A-Car,
 
 710 A.2d 846, 849 (D.C. 1998) (recognizing the right to recover in tort for spoliation of evidence);
 
 Smith
 
 v.
 
 Howard Johnson Co., Inc.,
 
 615 N.E.2d 1037, 1038 (Ohio 1993) (holding that “[a] cause of action exists in tort for interference with or destruction of evidence”).
 

 [2]
 

 SHS
 
 v.
 
 United Exposition Services Co.,
 
 109 Nev. 28, 30, 846 P.2d 294, 295 (1993).
 

 [3]
 

 198 Cal. Rptr. 829, 831 (Ct. App. 1984).
 

 [4]
 

 See, e.g., Hazen,
 
 718 P.2d at 463 (relying upon the decision in
 
 Smith
 
 v.
 
 Superior Court
 
 as persuasive authority for recognizing a tort for spoliation of evidence).
 

 [5]
 

 See Christian
 
 v.
 
 Kenneth Chandler Const. Co.,
 
 658 So. 2d 408, 413 (Ala. 1995) (declining to recognize a new tort for spoliation of evidence);
 
 La Raia v. Superior Court, Etc.,
 
 722 P.2d 286, 289 (Ariz. 1986) (declining to create a new spoliation of evidence tort);
 
 Goff v. Harold Ives Trucking Co., Inc.,
 
 27 S.W.3d 387, 391 (Ark. 2000) (joining the majority of jurisdictions that have declined to recognize a tort for intentional spoliation of evidence);
 
 Beers v. Bayliner Marine Corp.,
 
 675 A.2d 829, 832 (Conn. 1996) (adopting the majority approach to permitting the trier of fact to draw an adverse inference against the spoliator);
 
 Lucas v. Christiana Skating Center, Ltd.,
 
 722 A.2d 1247, 1248-50 (Del. Super. Ct. 1998) (declining to recognize an action in tort for spoliation of evidence after noting that most jurisdictions have reached a similar conclusion);
 
 Gardner v. Blackston,
 
 365 S.E.2d 545, 546 (Ga. Ct.
 
 *633
 
 App. 1988) (holding that Georgia law did not recognize an independent tort for spoliation of evidence);
 
 Boyd v. Travelers Ins. Co.,
 
 652 N.E.2d 267, 269-70 (Ill. 1995) (noting that Illinois has never recognized an independent cause of action for spoliation of evidence);
 
 Koplin v. Rosel Well Perforators, Inc.,
 
 734 P.2d 1177, 1183 (Kan. 1987) (declining to recognize a common-law tort action for the intentional spoliation of evidence);
 
 Monsanto Co. v. Reed,
 
 950 S.W.2d 811, 815 (Ky. 1997) (agreeing with the majority of jurisdictions stating that “[t]he vast majority of jurisdictions have chosen to counteract a party’s deliberate destruction of evidence with jury instructions and civil penalties”);
 
 Miller v. Montgomery County,
 
 494 A.2d 761, 767-68 (Md. 1985) (declining to recognize a cause of action for first-party spoliation of evidence);
 
 Baugher v. Gates Rubber Co., Inc.,
 
 863 S.W.2d 905, 909 (Mo. Ct. App. 1993) (noting that Missouri does not recognize a tort for intentional spoliation of evidence).
 

 [6]
 

 See Temple Community Hospital
 
 v.
 
 Superior Court,
 
 976 P.2d 223 , 233 (Cal. 1999);
 
 Cedars-Sinai Medical Center
 
 v.
 
 Superior Court,
 
 954 P.2d 511, 521 (Cal. 1998);
 
 Coprich
 
 v.
 
 Superior Court,
 
 95 Cal. Rptr. 2d 884, 888-90 (Ct. App. 2000).
 

 [7]
 

 See generally Temple Community Hospital, 916
 
 P.2d at 227-30.
 

 [8]
 

 See id.
 
 at 227-33;
 
 Cedars-Sinai Medical Center,
 
 954 P.2d at 514-21.
 

 [9]
 

 See Temple Community Hospital,
 
 976 P.2d at 232;
 
 Cedars-Sinai Medical Center,
 
 954 P.2d at 517-18.
 

 [10]
 

 Temple Community Hospital,
 
 976 P.2d at 233.
 

 [11]
 

 See Old Aztec Mine, Inc.
 
 v.
 
 Brown,
 
 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).
 

 [12]
 

 After reviewing Timber Tech’s remaining arguments, we conclude that they are without merit.