Charles S. PIKEY, John S. Pikey, Brent D. Pikey, Charles S. Pikey II, Douglas Riddick, and Margie Riddick, Plaintiffs–Appellants,

v.

Dr. William C. BRYANT, Defendant–Respondent.

No. 27570.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 30, 2006.

Shawn D. Young, Portageville, MO, for appellants.

Wendell W. Crow, Crow, Reynolds, Shetley & McVey, L.L.P., Kennett, MO, for respondent.

GARY W. LYNCH, Judge.

Charles S. Pikey, John S. Pikey, Brent D. Pikey, Charles S. Pikey II, Douglas Riddick, and Margie Riddick ("Plaintiffs") appeal the dismissal with prejudice of their petition against Dr. William C. Bryant ("Defendant") seeking damages for intentional spoliation of evidence. Plaintiffs concede that this tort has not been previously recognized as a cause of action in Missouri, but urge us to do so. Finding that Plaintiffs' petition fails to state a cause of action for such a tort, even if recognized, we do not reach the recognition issue as urged. The judgment of the trial court is affirmed.

## 1) *Factual and Procedural History*

The portions of Plaintiffs' petition germane to the resolution of this case read:

9. On or about May 30, 2003, the Plaintiffs [1] in cause number 03CV45326 filed an action for wrongful death against Defendant Dr. William C. Bryant and said cause is now pending in this court.

. . . .

19. In the course of the wrongful death case pending in this court under cause number 03CV745326, through the course of discovery and deposition testimony, evidence has been produced verifying that a facsimile was transmitted from the Missouri Delta Medical Center Radiology Department containing the CT report of Sheila L. Pikey on January 17, 2003 at 2:52 p.m. to Defendant Dr. William C. Bryant.

20. Defendant Dr. William C. Bryant has testified under oath in deposition testimony that he was in his office during the entire business day on Friday, January 17, 2003 and saw patients throughout the day, but has denied receiving the facsimile transmission of the CT report on the said date of January 17, 2003.

21. In the separate wrongful death action as referenced herein, Defendant Dr. William C. Bryant has intentionally destroyed and/or significantly altered medical records of Sheila L. Pikey, deceased. Said actions of Defendant are indicative of fraud and a desire to suppress the truth.

22. Defendant Dr. William C. Bryant, in the separate wrongful death action as referenced herein, has destroyed and/or significantly altered business records pertaining to January 17, 2003. Said actions of Defendant are indicative of fraud and a desire to suppress the truth.

23. Said acts and conduct of Defendant Dr. William C. Bryant are outrageous and were conducted willfully with improper and wrongful motive and with the willful intent to suppress the truth.

24. The willful, intentional and outrageous acts of Defendant Dr. William C. Bryant as set forth herein are without justification.

---

1. Plaintiffs in this case are the same as the Plaintiffs in the referenced wrongful death action.

25. As a direct and proximate result of Defendant Dr. William C. Bryant's intentional spoliation of evidence as set forth herein, the Plaintiffs have incurred damages.

Defendant filed a motion to dismiss the petition for failure to state a claim for which relief can be granted. The trial court sustained this motion and dismissed the Plaintiffs' petition with prejudice. Plaintiffs appeal, raising one point:

> The trial court erred in dismissing the Plaintiffs' Petition for intentional spoliation of evidence because Missouri substantive law can recognize a separate cause of action for intentional spoliation of evidence in that Plaintiffs' Petition and evidence presented were sufficient to make a submissible case for a cause of action based on intentional spoliation of evidence.

### 2) *Defendant's Motion to Dismiss Appeal*

We first consider Defendant's request that this appeal be dismissed for Plaintiffs' failure to comply with Rule 84.04, Rule 81.12, and Special Rule 12 of the Special Rules of the Missouri Court of Appeals, Southern District. Specifically, Defendant argues that this Court should dismiss the appeal because of alleged defects in Plaintiffs' point relied on, legal file, statement of facts, and Plaintiffs' failure to provide a civil case information supplement.

"Cases should be heard on the merits if possible, construing the court rules liberally to allow an appeal to proceed." *Brown v. Hamid*, 856 S.W.2d 51, 53 (Mo. banc 1993). A court will, as a matter of discretion, review a case on its merits where disposition is not hampered by rule violations. *Id.*

While the briefs and legal file in this case may not be a model of picture-perfect compliance with all of the rules, they are more than adequate to put the court and Defendant on notice as to what legal issues are presented. Any alleged deficiencies do not prevent review on the merits. Defendant's motion to dismiss the appeal is overruled.

### 3) *Standard of Review*

In considering the proper standard of review, Plaintiffs assert that the trial court treated Defendant's motion to dismiss the petition as a motion for summary judgment pursuant to Rule 55.27(a),[2] because it considered "factual matters outside the pleadings."[3] In making this assertion, Plaintiffs rely upon the fact that during oral argument of counsel before the trial court on Defendant's motion to dismiss, Plaintiffs' counsel referred to two exhibits from the underlying wrongful death action and, following the conclusion of the argument, these two exhibits somehow made their way into the court's file in this case.

However, "[b]efore a trial court may treat a motion to dismiss as one for summary judgment, when matters outside the pleadings are presented and not excluded, it must notify the parties that it is

---

**2.** All references to Rules are to Missouri Court Rules (2006), unless otherwise indicated.

**3.** Rule 55.27(a) provides in pertinent part:
If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04. All parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04.

going to do so and give the parties an opportunity to present all materials pertinent to the motion for summary judgment." *Turner Engineering, Inc. v. 1491155 Weldon Parkway, L.L.C.*, 40 S.W.3d 406, 408 (Mo.App.2001) (citing Rule 55.27(a); *Manzer v. Sanchez*, 985 S.W.2d 936, 939 (Mo.App.1999)). Plaintiffs fail to direct us to anything in the record indicating that the trial court gave the parties any notice that it was treating Defendant's motion as a motion for summary judgment. "A trial court's order will constitute a dismissal, and not a summary judgment, where the record contains no evidence that the court notified the parties that it intended to review pleadings and documents as a summary judgment motion, nor that the court considered matters outside the pleadings." *Turner Engineering, Inc.*, 40 S.W.3d at 409 (quoting *Manzer*, 985 S.W.2d at 939). The judgment entered by the trial court simply states:

> [T]he Court takes up Defendant's Motion to Dismiss, having previously heard oral argument of counsel relating to same on November 10, 2005, and having read the pleadings and memoranda submitted by the respective parties, and now being fully advised in the premises, the Court finds the issues in favor or [sic] said Defendant's Motion to Dismiss, and
>
> IT IS HEREBY ORDERED AND ADJUDGED that Defendant's Motion to Dismiss should be and the same is hereby sustained and this cause of action is therefore dismissed with prejudice.

We, like the trial court, treat the Defendant's motion as a motion to dismiss.

■ "Where, as here, the trial court does not provide reasons for dismissal of the petition, we presume the decision was based on grounds stated in the dismissal motions and will affirm if dismissal was appropriate on any grounds stated therein." *Solberg v. Graven*, 174 S.W.3d 695, 699 (Mo.App.2005) (quoting *Rychnovsky v. Cole*, 119 S.W.3d 204, 208 (Mo.App.2003)). In the instant case, Defendant's motion to dismiss alleged, among other things, that the "[p]etition fails to state a cause of action."

> A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. *Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. banc 1993). No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo.1993).

### 4) Current Status of Recognition of the Tort of Intentional First–Party Spoliation of Evidence in Missouri

In this appeal, Plaintiffs contend Missouri should recognize a cause of action for intentional first-party spoliation of evidence.[4] "Spoliation" is the destruction, mutilation, alteration, or concealment of evidence. *See* BLACK'S LAW DICTIONARY 1437 (8th ed.2004). Two Missouri cases,

---

**4.** "First-party spoliation claims are claims in which the defendant who allegedly [altered], lost, misplaced, or destroyed the evidence was also a tortfeasor in causing the plaintiff's injuries or damages. These actions are contrasted with third-party spoliation claims, which occur when a person or an entity, though not a party to the underlying action causing the plaintiff's injuries or damages, [altered], lost, misplaced, or destroyed evidence critical to that action." *Martino v. Wal–Mart Stores, Inc.*, 908 So.2d 342, 346 (Fla.2005).

*Brown v. Hamid, supra,* and *Baugher v. Gates Rubber Company, Inc.,* 863 S.W.2d 905 (Mo.App.1993), have addressed this issue in dicta, but there is no case directly holding whether or not intentional first-party spoliation of evidence is a recognized cause of action in Missouri.

In *Brown,* 856 S.W.2d 51, the plaintiff in a medical malpractice case requested to add an additional count of intentional spoliation of medical records against the defendant. *Id.* at 56. The trial court "denied leave, finding that Missouri does not recognize this cause of action." *Id.* On appeal, the Missouri Supreme Court found that the facts of the case presented "no basis to recognize a tort of intentional spoliation of evidence." *Id.* No basis existed because the trial judge specifically found that there was no evidence supporting the contention that the defendant had destroyed the missing medical records. *Id.*

In *Baugher,* 863 S.W.2d 905, defendant Gates Rubber Company appealed the dismissal with prejudice of its cross-claim against defendant, The Hartford Insurance Company, for intentional or negligent spoliation of evidence. *Id.* at 910. The evidence involved in the case included a hose and coupling that disappeared during a move to different office. *Id.* As in *Brown,* there was no evidence presented and no allegation of fact from which to infer that the hose and coupling were in-

tentionally lost. *Id.* Therefore, the Eastern District found that the pleadings failed to allege a claim under the theory of intentional spoliation of evidence and presented no basis for determining whether the cause of action should be recognized in Missouri. *Id.* at 906.

As in *Brown* and *Baugher,* we must first determine whether or not the facts alleged in Plaintiffs' petition are sufficient to state a claim under the theory of intentional spoliation of evidence before we are required to reach the issue of whether such a cause of action is recognized in Missouri. "When confronted by the issue of whether or not to recognize a claim for intentional spoliation of evidence, other jurisdictions, like Missouri, have refused to recognize such a tort where the facts of the case would not support a cause of action even if the tort were recognized." *Baugher,* 863 S.W.2d at 909. This analysis of Plaintiffs' petition begins with the identification of the elements of the tort of intentional spoliation of evidence and concludes with comparing the facts as pleaded to the elements so identified.

**5) *Elements of the Tort of Intentional Spoliation of Evidence.***

At this time, only five states recognize a cause of action for first-party intentional spoliation.[5] The majority of states have either expressly refused to recognize a separate tort for first-party intentional spoliation[6] or declined to reach the merits

---

**5.** Alaska, *Hazen v. Munic. of Anchorage,* 718 P.2d 456 (Alaska 1986); Louisiana, *Guillory v. Dillard's Dept. Store, Inc.,* 777 So.2d 1 (La.App. 3 Cir.2000); New Mexico, *Coleman v. Eddy Potash, Inc.,* 120 N.M. 645, 905 P.2d 185 (1995), *overruled on different grounds;* Ohio, *Smith v. Howard Johnson Co., Inc.,* 67 Ohio St.3d 28, 615 N.E.2d 1037 (1993); West Virginia, *Hannah v. Heeter,* 213 W.Va. 704, 584 S.E.2d 560 (2003).

**6.** Alabama, *Smith v. Atkinson,* 771 So.2d 429 (Ala.2000); Arkansas, *Goff v. Harold Ives*

*Trucking Co., Inc.,* 342 Ark. 143, 27 S.W.3d 387 (2000); California, *Cedars–Sinai Med. Ctr. v. Superior Court,* 18 Cal.4th 1, 74 Cal.Rptr.2d 248, 954 P.2d 511, (1998); Delaware, *Lucas v. Christiana Skating Ctr., Ltd.,* 722 A.2d 1247 (Del.Super.1998); Florida, *Martino v. Wal–Mart Stores, Inc.,* 908 So.2d 342 (Fla.2005); Georgia, *Gardner v. Blackston,* 185 Ga.App. 754, 365 S.E.2d 545 (1988) (refuses to recognize in dicta) (*see also Owens v. American Refuse Systems, Inc.,* 244 Ga.App. 780, 536 S.E.2d 782 (2000), holding that Georgia won't

of the issue and decided the case on other grounds.[7] It is instructive to review the elements necessary to plead and prove a claim for first party intentional spoliation as identified by those states which have recognized the tort.

In New Mexico:

In order to prevail on an intentional spoliation of evidence theory, a plaintiff must allege and prove the following: (1) the existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the destruction, mutilation, or significant alteration of potential evidence; (4) intent on part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages.

*Coleman v. Eddy Potash, Inc.*, 120 N.M. 645, 649, 905 P.2d 185, 189 (1995) (*over-ruled on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 131 N.M. 272, 34 P.3d 1148 (2001)).

In Ohio:

[T]he elements of a claim for interference with or destruction of evidence are (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts.

*Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29, 615 N.E.2d 1037, 1038 (Ohio 1993).

In West Virginia:

The tort of intentional spoliation of evidence consists of the following ele-

recognize a third-party spoliation tort); Indiana, *Gribben v. Wal–Mart Stores, Inc.*, 824 N.E.2d 349 (Indiana 2005); Kansas, *Koplin v. Rosel Well Perforators, Inc.*, 241 Kan. 206, 734 P.2d 1177 (1987); Kentucky, *Monsanto v. Reed*, 950 S.W.2d 811 (Ky.1997); Maryland, *Miller v. Montgomery County*, 64 Md.App. 202, 494 A.2d 761 (1985); Massachusetts, *Fletcher v. Dorchester Mut. Ins. Co.*, 437 Mass. 544, 773 N.E.2d 420 (2002); Michigan, *Helzer v. CBS Boring & Mach. Co., Inc.*, No. 205805, 1999 WL 33441300 (Mich.Ct.App. June 8, 1999) (per curiam); Minnesota, *Federated Mut. Ins. Co. v. Litchfield Precision Components, Inc.*, 456 N.W.2d 434 (Minn.1990); Mississippi, *Dowdle Butane Gas Co., Inc. v. Moore*, 831 So.2d 1124 (Miss.2002); Montana, *Oliver v. Stimson Lumber, Co.*, 297 Mont. 336, 993 P.2d 11 (1999) (refuses to recognize first-party spoliation actions but will recognize third-party spoliation actions); Nevada, *Timber Tech Engineered Bldg. Products v. The Home Ins. Co.*, 118 Nev. 630, 55 P.3d 952 (2002); New Jersey, *Rosenblit v. Zimmerman*, 166 N.J. 391, 766 A.2d 749 (2001) (does not recognize as a new tort but states that the conduct of intentional spoliation is recognized under the existing tort of fraudulent concealment); New York, *MetLife Auto & Home v. Joe Basil Chevrolet, Inc.*, 1 N.Y.3d 478, 775 N.Y.S.2d 754, 807 N.E.2d 865, (2004) (does not recognize unless spoliation of evidence by employer has impaired an employee's right to sue a third-party tortfeasor); Pennsylvania, *Elias v. Lancaster Gen. Hosp.*, 710 A.2d 65 (Pa.Super.1998) (expressly refuses to recognize third-party negligent spoliation claim and states in dicta that traditional remedies adequately protects non-spoiling party in a first-party spoliation case); Texas, *Trevino v. Ortega*, 969 S.W.2d 950 (Tex.1998); Wisconsin, *Johnston v. Metropolitan Property & Cas. Ins. Co.*, No. 2005AP113, 288 Wis.2d 658, 707 N.W.2d 580 (unpublished decision), 2005 WL 3159558 (Wisc.App. Nov. 29, 2005).

7. Arizona, *La Raia v. Superior Court*, 150 Ariz. 118, 722 P.2d 286 (banc 1986); Hawai'i, *Matsuura v. E.I. du Pont de Nemours and Co.*, 102 Hawai'i 149, 73 P.3d 687 (Hawai'i 2003); Illinois, *Boyd v. Travelers Ins. Co.*, 166 Ill.2d 188, 209 Ill.Dec. 727, 652 N.E.2d 267 (1995); New Hampshire, *Rodriguez v. Webb*, 141 N.H. 177, 680 A.2d 604 (1996); North Dakota, *Simpson v. Chicago Pneumatic Tool Co.*, 693 N.W.2d 612 (N.D.2005); Tennessee, *Trumbo, Inc. v. Witco Corp.*, No. W2002–01186–COA–R3–CV, 2003 WL 21946734 (Tenn.Ct.App. August 11, 2003); Virginia, *Austin v. Consolidation Coal Co.*, 256 Va. 78, 501 S.E.2d 161 (1998).

ments: (1) a pending or potential civil action; (2) knowledge of the spoliator of the pending or potential civil action; (3) willful destruction of evidence; (4) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action; (5) the intent of the spoliator to defeat a party's ability to prevail in the pending or potential civil action; (6) the party's inability to prevail in the civil action; and (7) damages.

*Hannah v. Heeter,* 213 W.Va. 704, 717, 584 S.E.2d 560, 573 (W.Va.2003).

In Alaska, "[a]n action based on the tort of spoliation is meritless unless it can be shown that a party's underlying cause of action has been prejudiced by the spoliation." *Estate of Day v. Willis,* 897 P.2d 78, 81 (Alaska 1995). "This is especially so in a case such as this where the allegedly spoliated [sic] evidence is available." *Id.*

All of the states that have recognized this tort share many common elements. One such common element is described in New Mexico as "a causal relationship between the act of spoliation and the inability to prove the lawsuit"; in Ohio, as a "disruption of the plaintiff's case"; in West Virginia, as "the party's inability to prevail in the civil action"; and, in Alaska, as a showing that "a party's underlying cause of action has been prejudiced by the spoliation." This element was discussed briefly by the Eastern District of our court in *Baugher* wherein the court, reasoning by analogy to our torts of tortious interference with a contract and legal malpractice, concluded in dicta that the same *but for* causation would apply if Missouri recognized the tort of intentional spoliation of evidence. *Baugher,* 863 S.W.2d at 910. Without this *but for* causation, the Eastern District further concluded that it "would not furnish a basis for Missouri courts to recognize an interference with an opportu-

nity to win a lawsuit where there was only a probability of success." *Id.*

■■■ Although it is a common element, the degree of the causal relationship between the intentional spoliation of evidence and the impairment of the injured party's prosecution of the underlying action varies from state to state. And, because Missouri has not recognized this tort, the parameters of this causal relationship have not been defined in our state. However, what can be gleaned from the other states which have addressed this element and from the dicta in *Baugher* is that there must be, at a minimum, some type of causal relationship between the intentional spoliation of evidence and an impairment of the injured party's ability to prosecute the underlying suit. Therefore, any petition purporting to state a cause of action for this tort must allege facts supporting this causal element.

## 6) *Deficiency in Plaintiffs' Petition*

■■■ Plaintiffs' only allegation of causation in their petition is contained in paragraph 25, which states: "As a direct and proximate result of Defendant Dr. William C. Bryant's intentional spoliation of evidence as set forth herein, the Plaintiffs have incurred damages." "Missouri rules of civil procedure demand more than mere conclusions that the pleader alleges without supporting facts." *Solberg v. Graven,* 174 S.W.3d 695, 699 (Mo.App.2005) (quoting *Pulitzer Pub. v. Transit Cas. Co.,* 43 S.W.3d 293, 302 (Mo. banc 2001)). "Mere conclusions by the pleader that are not supported by factual allegations are to be disregarded when considering whether a petition is sufficient to sustain dismissal for failure to state a claim upon which relief can be granted." *Id.* (quoting *S.W. Bell Yellow Pages, Inc. v. Wilkins,* 920 S.W.2d 544, 549 (Mo.App.1996)).

Plaintiffs' petition contains no allegations of ultimate facts of a causal relationship between the intentional spoliation and the inability of the Plaintiffs to prove the wrongful death action; or that the intentional spoliation disrupted or prejudiced the wrongful death action in any fashion; or that the intentional spoliation created an inability for Plaintiffs to prevail in the wrongful death action. Without such factual allegations, Plaintiffs' petition fails to allege a requisite causal connection between the spoliation and the frustration of the civil action, and, therefore, fails to state a cause of action for intentional spoliation of evidence.

 "[T]he party injured by spoliation must show more than the fact that potential evidence was intentionally destroyed." *Hannah,* 584 S.E.2d at 573. Without a causal relationship between such action and the disruption of the injured parties' ability to successfully prosecute its civil action against the perpetrator, the injured party has failed to state a cause of action for intentional spoliation of evidence.

We do not in any manner condone the intentional destruction or alteration of potential evidence. Other remedies are available for redress of this alleged wrong. These remedies include: seeking an adverse evidentiary inference in the underlying wrongful death action, *see Brown,* 856 S.W.2d at 56; discovery sanctions for failure to produce the document, *see* Rule 61.01(d); attorney discipline if an attorney is involved in the spoliation, *see* Rules 4–3.3 and 4–3.4; and, criminal liability for tampering with physical evidence, see section 575.100.[8]

7) *Decision*

Because Plaintiffs' petition fails to state a claim for intentional first-party spoliation of evidence, we do not reach the issue as to whether Missouri recognizes such a cause of action. The trial court did not err in dismissing Plaintiffs' petition. Point denied.

The judgment is affirmed.

BATES, P.J., C.J., and GARRISON, J., concur.

---

8. All references to statutes are to RSMo 2000, unless otherwise indicated.