Dorothea LEBLANC, Appellant,

v.

RESEARCH BELTON HOSPITAL,
Respondent.

No. WD 69248.

Missouri Court of Appeals,
Western District.

Dec. 9, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 2009.

Application for Transfer Denied
March 31, 2009.

Herbert W. McIntosh, Kansas City, MO, for Appellant.

P. John Brady, Kansas City, MO, for Respondent.

Before: THOMAS H. NEWTON, C.J., VICTOR C. HOWARD, and ALOK AHUJA, JJ.

THOMAS H. NEWTON, Chief Judge.

Ms. Dorothea LeBlanc appeals the dismissal of a corporate negligence claim against Midwest Division—RMC, LLC d/b/a Research Belton Hospital (Research Belton). In the petition for damages, Ms. LeBlanc alleged that Research Belton was negligent in performing several duties, including assuring that the doctors had the credentials to perform a specific surgery. Research Belton sought to dismiss that specific claim, alleging it was not a recognized claim in Missouri. The trial court granted the motion to dismiss. We reverse and remand.

**Factual and Procedural Background**

Ms. LeBlanc filed a petition for damages against physicians Danny Carroll and John Gillen II, their professional corporation Bone & Joint Specialists, P.C., and Research Belton. She alleged, *inter alia,* the physicians and Bone & Joint Specialists were negligent in performing surgeries on her at Research Belton. Paragraph 14(a) of her petition alleged that Research Belton "failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of the hospital profession, and was negligent and careless" in permitting the named surgeons "to perform such extensive surgeries on [her] when the physicians were not qualified by education, training or experi-

ence and were not properly credentialed to perform same[.]" In subsequent subparagraphs, Ms. LeBlanc alleged six additional grounds to support a negligence action against Research Belton.

Research Belton asked the trial court to dismiss paragraph 14(a), alleging that it failed to state a claim upon which relief can be granted. Research Belton argued that Missouri does not recognize negligent credentialing, the claim in paragraph 14(a), and that hospitals have immunity against credentialing claims under section 537.035.3.[1] The trial court granted the motion to dismiss without explanation. Later, Research Belton sought summary judgment as to the remaining claims. In response, Ms. LeBlanc voluntarily dismissed her claims and, subsequently, dismissed her claims against the other defendants. Ms. LeBlanc appeals the trial court's dismissal of paragraph 14(a) of her petition.

## Standard of Review

We review the grant of a motion to dismiss *de novo*. *M.M.H. v. J.P.C.*, 42 S.W.3d 16, 18 (Mo.App. E.D.2001). Because the trial court did not provide any reasons for its dismissal, we presume its decision was based on the arguments within the motion. *Pikey v. Bryant*, 203 S.W.3d 817, 821 (Mo.App. S.D.2006). "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." *Id.* We "determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* (internal quotation marks and citation omitted). We treat the averments in the petition as true and liberally construe accompanying inferences in the

plaintiff's favor. *Id.* A petition states a cause of action if "its averments invoke principles of substantive law which may entitle the plaintiff to relief." *Williams v. Barnes & Noble, Inc.*, 174 S.W.3d 556, 560 (Mo.App. W.D.2005) (internal quotation marks and citation omitted).

## Legal Analysis

Ms. LeBlanc argues that the trial court erred in dismissing the paragraph 14(a) claim because: (1) negligent credentialing is in accordance with the Missouri cognizable doctrine of corporate negligence, and (2) Research Belton does not have immunity under section 537.035.3 nor raises it as a defense. Ms. LeBlanc argues that hospitals have a duty to their patients, which includes the duty "to exercise reasonable care in credentialing the physicians who enjoy staff privileges at the hospital." She cites to *Gridley v. Johnson*, 476 S.W.2d 475, 484–85 (Mo.1972), for support. Research Belton argues that Missouri has declined to recognize a claim for negligent credentialing and instead has set up peer review committees for doctor credentialing and granted immunity to those who rely on committees' recommendations. We disagree with Research Belton.

### Negligent Credentialing

The Missouri Supreme Court stated in *Gridley*, "The fact the defendant doctors here were not employees of the defendant hospital does not necessarily mean the hospital cannot be held liable for adverse effects of treatment or surgery approved by the doctors[.]" 476 S.W.2d at 484 (citing *Darling v. Charleston Cmty. Mem'l Hosp.*, 33 Ill.2d 326, 211 N.E.2d 253 (1965), *cert. denied*, 383 U.S. 946, 86 S.Ct. 1204, 16 L.Ed.2d 209 (1966)). In *Roberson*

1. All statutory references are to RSMo 2000 and the Cumulative Supplement 2007, unless otherwise indicated.

*v. Menorah Medical Center*, we rejected Ms. Roberson's contention that a hospital had a duty to inform its patients of risks associated with surgeries and the availability of alternative methods. 588 S.W.2d 134, 138 (Mo.App. W.D.1979) Yet, this court stated, "that the hospital may in some cases have a responsibility [to the patient]." *Id.* (citing *Gridley*, 476 S.W.2d at 483–85). Subsequent cases also have declined to impute the task of informing patients to the hospital when the doctor is not the hospital's agent. *See e.g. Baltzell v. Baptist Med. Ctr.*, 718 S.W.2d 140, 142 (Mo.App. W.D.1986); *see also Ackerman v. Lerwick*, 676 S.W.2d 318, 320–21 (Mo.App. E.D.1984). However, Missouri courts have not rejected negligent credentialing as a cause of action against a hospital.[2]

In fact, almost ten years later, this court addressed the viability of a patient's negligence claim against a hospital based on the acts of an independent doctor because the hospital extended staff privileges to him "allowing him to render treatment for which he was not qualified." *Manar v. Park Lane Med. Ctr.*, 753 S.W.2d 310, 311–12 (Mo.App. W.D.1988). We rejected the hospital's broad contention that Missouri does not allow claims against hospitals "for adverse effects to a patient suffered in consequence of improper treatment rendered by doctors authorized to practice in the hospital." *Id.* at 314, 314 n. 3 (citing *Gridley* as accepting hospital liability for permitting unqualified doctors to practice

in its facilities in some circumstances). We stated, "[T]he record does not foreclose the possibility that Manar may be able to make a case for recovery against Park Lane on one of the theories advanced." *Id.* at 315. We did not decide whether Ms. Manar could bring her action under the theory of *Gridley* and *Darling* but gave her that option on remand. *Id.*

A year later, in *Harrell v. Total Health Care*, the supreme court faced a similar issue of liability against a health service corporation rather than a hospital. 781 S.W.2d 58, 59–60 (Mo. banc 1989). Ms. Harrell sought damages against Total Health Care for malpractice under the claims of "corporate liability" and "negligen[ce] in the selection of the specialist who performed surgery on her." *Id.* The supreme court did not address the merits of either claim because it found Total Health Care was immune from any negligence claim against it as a health service corporation under section 354.125, RSMo 1978.[3] *Id.* at 60–61. Moreover, it found that the complete statutory immunity granted to a health service corporation was not in violation of the Equal Protection Clause although no such immunity existed for hospitals. *Id.* at 63.

■■■■ Contrary to Research Belton's contention, our review of the case law reveals that Missouri courts have not rejected the corporate negligence theory.[1]

---

**2.** Research Belton cites to *Buttrey v. Boardwine*, 159 S.W.3d 847 (Mo.App. E.D.2005) as an example of a case in which the appellate court rejected negligent credentialing as a viable claim. The *Buttrey* court affirmed the trial court's dismissal of a negligent credentialing claim against the hospital. However, the case is merely an order that provides no reasoning to support its decision. Thus, it cannot be read to reject the validity of the claim.

**3.** That provision stated: "A health services corporation shall not be liable for injuries resulting from neglect, misfeasance, malfeasance or malpractice on the part of any person, organization, agency or corporation rendering health services to the health services corporation's members and beneficiaries." § 354.125, RSMo 1978.

**4.** We note that a number of foreign jurisdictions have read *Gridley* as recognizing a negligent credentialing claim, or what is characterized as a broader "corporate negligence"

While we believe that *Gridley* has decided the question before us, we note that recognition of a cause of action against a hospital for injuries sustained at the hospital from unqualified independent doctors is consistent with two well-established principles in Missouri. Those principles are: (1) the hospital "owes [its] patient a specific duty of reasonable care proportionate to the patient's needs as the patient's known condition requires," *Stacy v. Truman Med. Ctr.*, 836 S.W.2d 911, 922 (Mo. banc 1992), *abrogated on other grounds by Southers v. City of Farmington*, 263 S.W.3d 603, 614 n. 13 (Mo. banc 2008), and (2) an employer is liable for an independent contractor's negligence "when the employer fails to exercise reasonable care" in hiring a competent contractor. *Lee v. Pulitzer Publ'g Co.*, 81 S.W.3d 625, 634 (Mo.App. E.D. 2002) (citing *Sullivan v. St. Louis Station Assoc.*, 770 S.W.2d 352, 356 (Mo.App. E.D. 1989)). Thus, Missouri precedent does not bar a negligence claim against a hospital for injuries caused by independent doctors authorized to practice in that hospital.

### Immunity under Section 537.035.3

 Although Research Belton does not argue that the hospital itself is immune under the statute, it argues that section 537.035.3, enacted in 1973, abrogated corporate negligence claims based on negligent credentialing. In determining the meaning of a statute, we look to the plain language to ascertain the legislature's intent. *See State ex rel. Young v. Wood*, 254 S.W.3d 871, 872–73 (Mo. banc 2008). We will "not add words by implication to a statute that is clear and unambiguous." *Id.* at 873 (internal quotation marks and citation omitted). Section 537.035.3 states:

Each member of a peer review committee and each person, hospital governing board, health maintenance organization board of directors, and chief executive officer of a licensed hospital or other hospital operating under constitutional or statutory authority, chief executive officer or medical director of a licensed health maintenance organization who testifies before, or provides information to, *acts upon the recommendation of,* or otherwise participates in the operation of, such a committee shall be immune from civil liability for such acts *so long as the acts are performed in good faith, without malice and are reasonably related to the scope of inquiry of the peer review committee.*

(Emphasis added.)

 Under the plain meaning of section 537.035, the persons listed are immune from civil liability if their negligence in granting staff privileges derives from their good faith reliance on a peer review committee's recommendation, when such reliance lacks malice and reasonably relates to the scope of inquiry of the peer review committee. A credentials committee is a peer review committee. *State ex rel. Faith Hosp. v. Enright*, 706 S.W.2d 852, 855 (Mo. banc 1986). The statute does not grant absolute immunity as Research Belton advocates. Rather, the statute grants a qualified immunity. It precludes a claim for negligent credentialing or failing to investigate the doctor credentials when a listed person shows good faith reliance on the peer review committee's recommendation. Moreover, "[c]redentials committee findings and deliberations are

theory. *See Larson v. Wasemiller*, 738 N.W.2d 300, 307 n. 4 (Minn.2007); *Humana Med. Corp. of Ala. v. Traffanstedt*, 597 So.2d 667, 668 (Ala.1992); *Insinga v. LaBella*, 543 So.2d 209, 213 (Fla.1989); *Pedroza v. Bryant*, 101 Wash.2d 226, 677 P.2d 166, 168–69 (1984);

*Elam v. Coll. Park Hosp.*, 132 Cal.App.3d 332, 183 Cal.Rptr. 156, 164 (Cal.Ct.App.1982); *Johnson v. Misericordia Cmty. Hosp.*, 97 Wis.2d 521, 294 N.W.2d 501, 511 (Wis.Ct. App.1980), *aff'd*, 99 Wis.2d 708, 301 N.W.2d 156 (1981).

not exempt from discovery ... unless they specifically concern the health care provided a patient." *Id.* (interpreting section 537.035.4 discovery limitation on peer review documents). The qualifying language used in the various provisions of section 537.035 suggests to us that the legislature has limited a cause of action based on actions taken in reliance on a peer review committee, but has not abrogated it.[5] *See Larson v. Wasemiller,* 738 N.W.2d 300, 304, 311 (Minn.2007). Research Belton concedes that it "has never [alleged] that it has actual immunity under section 537.035." Thus, dismissal was not justified for failure to state a claim upon which relief may be granted based on this statute. *See Edwards v. Gerstein,* 237 S.W.3d 580, 582 (Mo. banc 2007) (holding trial court improperly granted dismissal on ground of immunity because the defendant had qualified statutory immunity rather than absolute immunity).

### Sufficiency of the Petition

 Research Belton further argues that even if negligent credentialing is a viable claim, this court should affirm the dismissal because Ms. LeBlanc did not sufficiently plead the cause of action. The trial court lacks jurisdiction to grant relief to a plaintiff if the petition does not contain facts showing that the plaintiff is entitled to relief. *Williams,* 174 S.W.3d at 559. A petition does not have to plead operative or evidentiary facts, so it will survive dismissal if it pleads ultimate facts and not conclusions. *Id.* at 559–60.

Corporate negligence is merely the application of "principles of common law negligence to hospitals in a manner that comports with the true scope of their operations." *Jones v. Chi. HMO Ltd.,* 191 Ill.2d 278, 246 Ill.Dec. 654, 730 N.E.2d 1119, 1128 (2000) (citing *Darling,* 211

N.E.2d at 253). Under this theory, the hospital's liability is based on its actions and not those of the doctors practicing within its facility. *Id.* Therefore, a claim for corporate negligence must allege the hospital's duty owed to the patient, the breach of the duty, and the resulting injury from the breach. *Id.* at 1129. After reviewing Ms. LeBlancs claim against Research Belton in her first amended petition, we conclude that she sufficiently pleaded a claim of corporate negligence in paragraph 14(a), specifically negligent credentialing.

### Conclusion

The trial court erred in dismissing the sufficiently pleaded claim of negligent credentialing because it is essentially a corporate negligence action, which is viable in Missouri. The case is reversed and remanded for further proceedings consistent with this opinion.

HOWARD and AHUJA, JJ., concur.

---

5. The statutes of foreign jurisdictions that decline to recognize a credentialing claim do not contain this type of strong qualifying language.