**BEN LOMOND, INC., Appellant,**

v.

**Louis SCHWARTZ, Individually, and Railwater Terminal Co., Appellees.**

No. S–6303.

Supreme Court of Alaska.

May 10, 1996.

not a substantial factor in bringing about his myocardial infarction.

(Emphasis added except as noted.)

Brent M. Wadsworth, Wadsworth & Associates, Anchorage, for Appellant.

Ted Stepovich, Stepovich, Kennelly & Stepovich, P.C., Anchorage, for Appellees.

Before COMPTON, C.J., RABINOWITZ, MATTHEWS and EASTAUGH, JJ., and CARPENETI, J. Pro Tem.*

*OPINION*

EASTAUGH, Justice.

## I.  INTRODUCTION

Ben Lomond, Inc. (Lomond) appeals the superior court's denials of Lomond's motions for directed verdict, judgment notwithstanding the verdict (JNOV), and new trial.  We reverse the superior court's decision with regard to the amount of damages, and affirm in all other respects.

## II.  FACTS AND PROCEEDINGS

In May 1987 Railwater Terminal Company (Railwater) and Ben Lomond, Inc. entered into a joint venture agreement to salvage materials from oil fields on Alaska's North Slope.  In 1989 Lomond filed suit against Railwater alleging that Louis Schwartz, Railwater's president, had converted joint venture funds to his own use, thereby harming the joint venture, and that Schwartz should be required to contribute to the losses of the joint venture.

Railwater filed a separate suit against Lomond, claiming that Lomond had breached a fiduciary duty of full disclosure and fair dealing owed to Railwater.  Railwater further alleged that Lomond enticed Railwater to provide labor, expertise, and equipment, at no cost to the joint venture with the intent of defrauding Railwater.  Railwater claimed that Lomond's actions resulted in a monetary loss to Railwater and requested damages. Lomond filed a counterclaim and third-party complaint in Railwater's suit.  The two cases were consolidated for trial.

At the close of evidence at trial, Lomond moved for a directed verdict on the issue of fraud.  The court denied the motion and submitted the case to the jury.  By special verdict, the jury found that the joint venture had neither made a profit nor suffered a loss. The jury also found that Schwartz had taken $292,673 from the joint venture for his own use.  Finally, the jury found that Lomond was guilty of breaching its fiduciary duty to Railwater by withholding material informa-

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

tion from Railwater during the course of the joint venture, and that this breach had damaged Railwater in the amount of $348,000. The court polled and excused the jury.

Lomond moved for JNOV or a new trial under Civil Rules 50 and 59. The court denied both motions and entered final judgment, ordering that the amount taken by Schwartz should be returned to the joint venture and split between the parties. The result was a net judgment against Lomond of $201,663.50, plus prejudgment interest. Lomond appeals the denials of its motions for directed verdict, JNOV, and new trial, arguing that the jury's verdict that Lomond had breached a duty to Railwater was inadequately supported by the evidence.[1]

## III. DISCUSSION

### A. Motions for Directed Verdict and JNOV

#### 1. Reviewability

Railwater argues that the superior court's denial of Lomond's JNOV is not reviewable because Lomond failed to move for a directed verdict on the issue of breach of fiduciary duty. Railwater contends that Lomond moved for directed verdict only on the issue of fraud. Railwater points out that Lomond neither specifically objected to the jury being instructed regarding breach of fiduciary duty, nor contended at trial that the evidence was not sufficient to permit a finding of breach of fiduciary duty. It was not until after the jury returned its verdict and had been discharged that Lomond addressed the issue of breach of fiduciary duty. Consequently, Railwater argues, this court cannot review the superior court's refusal to grant a JNOV or a new trial on the issue of breach of fiduciary duty.

A court's refusal to grant JNOV cannot be considered on appeal if the party failed to move for a directed verdict on that issue at the close of the evidence. *Richey v. Oen*, 824 P.2d 1371, 1374 (Alaska 1992); Alaska R. Civ. P. 50(b). However, in *Richey* the two issues,

negligence and causation, were clearly distinct. Richey moved for a directed verdict only on the issue of negligence. Consequently, she could not argue that it was error not to grant a JNOV on the issue of causation. *Richey*, 824 P.2d at 1374. In contrast, the parties in this case effectively merged the claims of breach of fiduciary duty and fraud during the course of litigation.

■ The concepts of fraud and breach of fiduciary duty are closely related. This court has held that "[f]raud can be established by silence or non-disclosure when a fiduciary relationship exists between parties.... The fiduciary has a duty to fully disclose information which might affect the other person's rights and influence his action." *Carter v. Hoblit*, 755 P.2d 1084, 1086 (Alaska 1988) (citing W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 106, at 738–39 (5th ed.1984); *Wilkinson v. Smith*, 31 Wash. App. 1, 639 P.2d 768, 771–72 (1982)). The existence of a fiduciary duty allows a finding of fraud even where the fraud is committed by silence or non-disclosure, while the absence of a fiduciary duty precludes a finding of fraud unless the offender makes remarks which are either half true or which omit material information. *Carter*, 755 P.2d at 1086. Fraud can thus be a type of breach of fiduciary duty.

■ The parties and court treated the fraud and breach of fiduciary duty claims as a single claim. The superior court denied Lomond's motion for directed verdict on the issue of fraud; it therefore must have intended to place the issue of fraud before the jury. The only portion of the special verdict form which could have presented the fraud question to the jury is the section which addressed the issue of breach of fiduciary duty. Railwater did not object to the jury instructions or special verdict form, and even made affirmative statements indicating it believed that withholding information regarding expenses was fraudulent.

In sum, it appears that all parties believed that the special verdict form addressed the

---

[1]. Lomond also cursorily challenges Jury Instruction No. 13. However, Lomond never objected to that instruction at trial. It was not plain error to give that instruction, nor does Lomond argue

that it was. Therefore we will not consider whether it was error to give the instruction. *See* Alaska Civil Rule 51(a); *Conam Alaska v. Bell Lavalin*, 842 P.2d 148, 153 (Alaska 1992).

claims of fraud and breach of fiduciary duty together, and that the claim of breach of fiduciary duty was factually based on Lomond's allegedly fraudulent conduct. Although the two claims were pled separately, they were effectively merged through the trial. The same evidence was used to support both claims, and both parties and the court treated the claims as one. Accordingly, we hold that the court's denial of Lomond's JNOV motion is reviewable.

### 2. Merits of denial of directed verdict and JNOV motions

■ In reviewing the denial of motions for a directed verdict or JNOV, we do not weigh conflicting evidence or judge the credibility of witnesses. *Mullen v. Christiansen,* 642 P.2d 1345, 1348 (Alaska 1982); *Richey,* 824 P.2d at 1374. Instead, we determine whether the evidence, when viewed in the light most favorable to the non-moving party, is such that reasonable persons could not differ in their judgment as to the facts. *Mullen,* 642 P.2d at 1348.

The evidence presented at trial is discussed in detail below. We hold that the evidence was such that reasonable persons could differ in their judgment; the superior court therefore correctly denied Lomond's motions for a directed verdict and JNOV.

### B. Motion for New Trial

Lomond contends that the superior court erred by failing to grant Lomond a new trial. Lomond argues that (1) Railwater failed to present evidence adequate to permit a finding of breach of fiduciary duty; and (2) even if a breach was shown, the evidence did not provide a reasonable basis for the jury's award against Lomond.

■ Whether to grant or deny a new trial is within the trial court's discretion. *Kulawik v. ERA Jet Alaska,* 820 P.2d 627, 639 (Alaska 1991). We review the trial court's decision under the abuse of discretion standard and will overturn the trial court's denial of a new trial only if the evidence supporting the verdict is completely lacking or is so slight and unconvincing as to make the verdict plainly unreasonable and unjust. *Id.;*

*see also Zerbetz v. Municipality of Anchorage,* 856 P.2d 777, 784 (Alaska 1993).

### 1. Breach of fiduciary duty

In order to prevail on its claim of breach of fiduciary duty, Railwater had the burden of establishing by a preponderance of the evidence that Lomond had knowledge of material facts which it failed to disclose to Railwater, and that Railwater would have acted differently had it known such facts, thereby avoiding damages. *Carter,* 755 P.2d at 1086. Railwater also had the burden of establishing the amount of such damages. The record at trial established that numerous charges were made by Lomond against the joint venture, including car payments, Lomond's bank fees, personal mortgage fees, telephone bills, insurance, medical bills, tuition fees, cable television bills, legal fees, prescriptions, and labor costs. Railwater alleged that these charges were "unauthorized, unrelated and unnecessary expenses." Schwartz testified that he did not know what costs were charged by Lomond to the joint venture and that he repeatedly asked for receipts regarding moneys spent, but was not provided with such receipts. Schwartz testified that he attempted to obtain information regarding expenses in order to "close out" the joint venture in 1988, but that Norman Thompson, Lomond's president, refused to give him this information. This evidence amply supported the jury's finding of breach of fiduciary duty.

■ Lomond nonetheless argues that the jury's finding of a breach of fiduciary duty resulting in $348,000 in damages is inconsistent with its finding that the joint venture neither made a profit nor suffered a loss. However, Lomond failed to ask the trial court to resubmit the issue to the jury before it was discharged; Lomond is thereby precluded from arguing that the verdict is inconsistent. *Grow v. Ruggles,* 860 P.2d 1225, 1226 (Alaska 1993) ("[W]e have long held that challenges to the consistency of a verdict are deemed waived unless made prior to the discharge of the jury."). Moreover, the jury's verdict is not necessarily inconsistent. The jury may have believed that but for both parties' misappropriation of funds, the joint venture would have made a profit.

Thus, a finding of no profit is consistent with the finding that Lomond had breached its duty to Railwater.

■ Lomond concedes that the evidence can be read to support a finding that Lomond made inappropriate charges to the joint venture. As noted above, the record further provides evidence that Railwater was not aware that these charges were being made and would have acted differently had this information been communicated. The evidence more than adequately supports the jury's finding that Lomond breached its fiduciary duty to Railwater and that Railwater suffered damage as a result.

## 2. *Amount of damages*

Lomond further contends that even if Railwater demonstrated that Lomond's conduct resulted in a loss to Railwater, there was inadequate evidence to support the damage award of $348,000. We agree, and remand for determination of damages.

■ We have previously held that a plaintiff alleging breach of contract must present evidence sufficient to calculate the amount of the loss caused by the breach. *City of Palmer v. Anderson*, 603 P.2d 495, 500 (Alaska 1979). The plaintiff "need not prove the amount of damages with exact detail, but the evidence must provide a reasonable basis for the jury's determination." *Id.; see also City of Whittier v. Whittier Fuel & Marine Corp.*, 577 P.2d 216, 222 (Alaska 1978) (footnote omitted) (holding that damages award cannot be based on speculation, although exactness is not necessary as long as jury has a reasonable basis on which to compute its award); *Dowling Supply & Equip. v. City of Anchorage*, 490 P.2d 907, 909–10 (Alaska 1971) (holding that although rule against recovery of uncertain damages is generally directed against uncertainty regarding cause rather than extent of damages, some competent evidence as to amount of damages must be introduced).

■ In this case the evidence did not provide a reasonable basis for the amount of damages. In order to justify an award to Railwater of $348,000, Railwater had to show that the joint venture suffered damages totaling twice that amount, or $696,000. Railwater suggests two evidentiary sources that would have permitted the jury to determine that the joint venture suffered damages of at least $696,000. Neither source provides a foundation definite enough to support the judgment.

First, Railwater notes that it entered into evidence several accounting documents detailing the expenses, both proper and allegedly improper, of the joint venture. Counsel for Railwater did not provide the sum of the allegedly improper expenses at trial or on appeal, nor did Railwater separate the entries on those exhibits into proper and improper charges. However, even if the jury included every expense Railwater claimed to be improper, the allegedly unauthorized charges included in these documents do not add up to $696,000. While the allegedly unauthorized charges total nearly $348,000, this sum represents the total damages suffered by the joint venture. As one of two joint venture partners, Railwater can only claim one-half of those damages. Accordingly, these exhibits could justify an award only about half the size of that reached by the jury. Railwater has made no effort to demonstrate how the jury could have arrived at a sum of $348,000 in calculating the damages suffered by Railwater. Having reviewed the exhibits upon which Railwater relies, we see no reasonable basis to conclude that Lomond's misappropriations harmed the joint venture in an amount greater than $348,000, at most.

Railwater contends that because the accounts were prepared by Lomond's accountant, the jury may have chosen to disbelieve the figures contained in the exhibits and increased the award to compensate. However, in the absence of any evidence regarding the nature or magnitude of any inaccuracy in the accounts, such an adjustment would constitute the sort of speculation we have held to be unacceptable. *See Whittier Fuel & Marine Corp.*, 577 P.2d at 224 (requiring reasonable basis from which a jury can calculate damage figure).

The same is true of the second evidentiary basis Railwater offers for the jury's award: Schwartz's estimate of the profits the joint

venture should have realized. Schwartz testified at trial that according to his experience in salvage operations, the joint venture should have realized a profit of "close to two million dollars." Railwater did not, however, provide any evidence suggesting how or to what extent Lomond's alleged breach of fiduciary duty affected that profit. Moreover, Schwartz's testimony was based on no more than his "background in the salvage industry," yet he conceded that the joint venture was "an unusual deal." [2]

Especially in light of Schwartz's own misappropriation, and the effect it might have had on the joint venture's profits, this testimony did not provide an adequate evidentiary basis sufficiently free from speculation to support the jury's award. As we have stated before, "[t]he evidence must afford sufficient data from which the court or jury may properly estimate the amount of damages, which data shall be established by facts rather than by mere conclusions of witnesses." *Whittier Fuel & Marine Corp.*, 577 P.2d at 223 (quoting *Levene v. City of Salem*, 191 Or. 182, 229 P.2d 255, 263 (1951)).

We therefore remand for redetermination of the damages to be awarded to Railwater.

## IV. CONCLUSION

We REVERSE, and REMAND for determination of the amount of damages suffered by Railwater as a result of Lomond's breach of fiduciary duty. We AFFIRM the superior court's decisions in all other respects.

---

**2.** *Cf. Geolar, Inc. v. Gilbert/Commonwealth Inc. of Mich.*, 874 P.2d 937, 946 (Alaska 1994) (holding that when plaintiff had no prior experience with contracts of similar size and complexity, offered no evidence of its own profit margins on other projects, and offered no evidence of profits obtained by other contractors performing similar jobs, plaintiff's own testimony regarding expected profits was too speculative to support an award).