Paul HIBBITS and Dacari
K. Purvis, Appellants,

v.

Dan SIDES, Appellee.

No. S–9630.

Supreme Court of Alaska.

Nov. 2, 2001.

Phillip E. Benson, Law Offices of Phillip E. Benson, Anchorage, for Appellants.

Venable Vermont, Jr., Assistant Attorney General, Anchorage, Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

I. *INTRODUCTION*

Does Alaska recognize intentional third-party spoliation as a tort? In light of our earlier decisions in *Nichols v. State Farm*

8. We have reviewed the other contentions of the appellant and find them to be without merit.

*Fire and Casualty Co.*[1] and *Hazen v. Municipality of Anchorage,*[2] we conclude that it does. Accordingly, we hold that it was error to dismiss appellants' complaint, which alleged intentional third-party spoliation, for failure to state a claim upon which relief could be granted.

## II. FACTS AND PROCEEDINGS

Appellants Paul Hibbits and Dacari Purvis (collectively, "Hibbits") were riding on motorcycles when they were involved in a collision with a pickup truck driven by Michael Vogus. State Trooper Dan Sides was the first law enforcement officer to arrive at the scene of the accident; he removed Vogus from the area for approximately two hours. Sides's reason for doing so is at the center of this case.

According to Sides, he removed Vogus from the scene of the accident in order to protect him from threats from "drunken Hell's Angels" at the scene of the accident. In his complaint Hibbits implicitly alleged that Sides knew that Vogus was under the influence of marijuana at the time of the accident, and knew, too, that Vogus would be civilly liable to Hibbits as a result. Hibbits also alleged that Sides intentionally kept Vogus away from the accident scene long enough for Vogus's condition to improve, and that as a result the lead investigating officer was not alerted to the need to test Vogus's blood or urine for the presence of marijuana metabolites. Finally, Hibbits alleged that Sides acted "with malice, bad motives, or reckless indifference" to Hibbits's interests. Drawing all reasonable inferences in favor of Hibbits,[3] we read his complaint to allege that Sides removed Vogus from the scene of the accident in order to frustrate Hibbits's ability to bring a civil suit against Vogus.

After the accident, Hibbits filed a civil suit against Vogus. Hibbits subsequently filed a separate suit against Sides, alleging that Sides's actions amounted to intentional third-party spoliation of evidence.[4] Arguing that Alaska would not recognize intentional third-party spoliation as a tort, Sides moved for an order dismissing Hibbits's complaint for failure to state a claim upon which relief could be granted. The order Sides had requested was granted by Superior Court Judge Peter A. Michalski.

Hibbits appeals.

## III. STANDARD OF REVIEW

■ This court reviews de novo an order dismissing a complaint for failure to state a claim upon which relief may be granted.[5]

## IV. DISCUSSION

■ When Judge Michalski dismissed Hibbits's complaint pursuant to Civil Rule 12(b)(6), he did not have the benefit of our decision in *Nichols v. State Farm Fire and Casualty Co.*[6] In *Nichols*, we explicitly recognized intentional third-party spoliation of evidence as a tort.[7] It was thus error to dismiss Hibbits's complaint for failure to state a claim upon which relief could be granted.

Sides correctly argues that, in *Nichols*, our recognition of intentional third-party spoliation as a tort came in dicta. In *Nichols* we ultimately concluded both that the evidence did not support a claim of intentional spoliation, and that the defendant was not a "third party not associated with the underlying lawsuit."[8] Our recognition of the tort in *Nichols*, however, was based upon our earlier decision in *Hazen v. Municipality of Anchor-*

1. 6 P.3d 300 (Alaska 2000).

2. 718 P.2d 456 (Alaska 1986).

3. *See Kollodge v. State*, 757 P.2d 1024, 1026 (Alaska 1988).

4. Parties to the underlying tort case who allegedly have destroyed evidence are called "first-party spoliators." Non-parties to the original action are "third-party spoliators." *See Nichols*, 6 P.3d at 304.

5. *See Kollodge,* 757 P.2d at 1026 n. 4.

6. 6 P.3d 300 (Alaska 2000).

7. *See id.* at 303–04 ("[I]ntentional spoliation claims can be made against ... non-parties to the original action (called 'third-party spoliators').").

8. *See id.* at 304–05.

age.[9] And the *Hazen* decision, unlike *Nichols*, centered upon the viability of an intentional spoliation claim.[10]

While acknowledging the centrality of the intentional spoliation claim to *Hazen,* Sides nonetheless argues that in *Hazen* we permitted only a first—not a third—party intentional spoliation claim. Sides notes that the alleged spoliator in *Hazen* (the municipal prosecutor) was, although not a party to the underlying civil suit himself, an agent of a party to that suit (the municipality). Spoliation by a party's agent, Sides contends, is more properly characterized as a form of first-party spoliation than as a form of third-party spoliation. Although this argument has merit,[11] the municipality was not the only party to the underlying lawsuit in *Hazen.* We also permitted the plaintiff to bring a claim against the individual police officers involved in her arrest.[12] Sides does not argue that the prosecutor was acting as the agent of the individual officers. In relation to the lawsuit against the officers, then, the prosecutor was a true third party. In permitting the plaintiff in *Hazen* to sue the prosecutor for damaging her ability to pursue a civil claim against the individual officers, we thus permitted an intentional third-party spoliation claim.

Despite our decision in *Hazen,* Sides argues that Alaska should follow the lead of the California Supreme Court, which recently declined to recognize intentional third-party spoliation as a tort in *Temple Community Hospital v. Superior Court.*[13] The California Supreme Court's four-three decision in *Temple,* however, was premised in part upon the anomaly that would result from imposing liability for intentional spoliation upon third parties,[14] when California had previously disallowed claims for intentional first-party spoliation.[15] Unlike California, Alaska has chosen to recognize intentional first-party spoliation as a tort.[16] Our decision also to recognize third-party spoliation thus creates no anomaly in the law. Given the limited availability of evidentiary sanctions in the third-party context, moreover, there is reason to recognize intentional third-party spoliation as a tort even if first-party spoliation is not so recognized.[17]

■ The decision of the *Temple* majority was also motivated in part by a concern that the recognition of third-party spoliation as a tort might cause "numerous [third parties] to undertake wasteful and unnecessary record and evidence retention practices."[18] Liability for intentional spoliation, however, is predicated upon an intent to disrupt the underlying litigation.[19] Third parties will thus not be liable if "the missing evidence simply has been discarded or misplaced in the ordinary course of events."[20] Like the *Temple* majority, we agree that non-parties who are independently motivated to destroy evidence with the intent to interfere in the outcome of

9. 718 P.2d 456 (Alaska 1986).

10. *See id.* at 464 (permitting common-law claim for intentional spoliation of evidence).

11. *See Nichols,* 6 P.3d at 304 (implying that spoliation of evidence by party's agent creates claim for first-party, not third-party, spoliation).

12. *See Hazen,* 718 P.2d at 464.

13. 20 Cal.4th 464, 84 Cal.Rptr.2d 852, 976 P.2d 223 (1999).

14. *See id.* at 232–33.

15. *See Cedars–Sinai Med. Ctr. v. Superior Court,* 18 Cal.4th 1, 74 Cal.Rptr.2d 248, 954 P.2d 511 (1998).

16. *See Nichols,* 6 P.3d at 303–04.

17. *See Oliver v. Stimson Lumber Co.,* 297 Mont. 336, 993 P.2d 11, 18 (1999) (recognizing third-party spoliation as tort, but holding it unnecessary to recognize first-party spoliation as independent tort given availability of evidentiary sanctions as alternative to tort remedy).

18. *Temple,* 84 Cal.Rptr.2d 852, 976 P.2d at 232.

19. *See id.* at 237 (Kennard, J., dissenting) ("It should not be sufficient that the spoliator merely intend[ed] to cause the act of spoliation. The spoliator must intend that the act of spoliation affect the outcome of the underlying cause of action to which the evidence is relevant; otherwise stated, the spoliator must intend to harm the spoliation victim's ability to bring or defend against a legal claim.").

20. *Id.*

someone else's litigation will be a rarity.[21] Recognition of the tort should thus not impose an intolerable burden upon the universe of possible defendants.

■ Like all plaintiffs alleging intentional third-party spoliation, Hibbits must plead and prove that the defendant intended to interfere in his civil suit. In his opposition to the motion to dismiss, Hibbits suggested that Sides's conduct amounted to intentional spoliation simply because Sides acted intentionally in removing Vogus from the scene of the accident. To state a claim for intentional third-party spoliation, however, it is not enough to allege that Sides acted with *some* intent. Sides will not be liable for intentional third-party spoliation unless he acted with the intent to harm Hibbits's ability to bring a civil suit against Vogus.[22] Because such an intent can reasonably be inferred from the factual allegations of Sides's complaint, Hibbits's complaint should not be dismissed for failure to state a claim.[23] But if Sides presents evidence that his intent in removing Vogus from the scene of the accident was to protect Vogus from threatening onlookers rather than to forestall Hibbits's prospective civil suit, Hibbits will have to do more than merely assert the contrary in his pleadings to avoid summary judgment.[24]

Sides briefly argues that even if Alaska recognizes intentional third-party spoliation as a tort, his removal of Vogus from the scene of the accident—what he characterizes as his "failure to collect evidence"—cannot fairly be equated with the destruction or alteration of evidence. Had Hibbits alleged that Sides *negligently* removed Vogus from the accident scene, Sides's argument might well have had merit. Hibbits's allegations, however, support the inference that Sides intentionally removed Vogus in order to hide the evidence of his marijuana use from the chief investigating officer for Vogus's accident. We see no difference between the intentional destruction or alteration of evidence and the intentional concealment of evidence that would otherwise be discovered until it is destroyed by natural causes.

■ As a final matter, Sides argues that Hibbits's complaint should be dismissed as untimely. According to Sides, it will be impossible for Hibbits to show that he has been harmed by the alleged spoliation until the conclusion of the underlying lawsuit between Hibbits and Vogus. We agree with Sides that the underlying dispute should be resolved before the spoliation victim may proceed to trial with an intentional third-party spoliation claim.[25] Sides can forestall a trial on the spoliation claim through a motion for a stay in the proceedings against him. Dismissal of Hibbits's complaint as untimely is thus unnecessary.[26]

## V. CONCLUSION

Because we have previously recognized intentional third-party spoliation as a tort, we REVERSE the dismissal of Hibbits's complaint and REMAND for further proceedings consistent with this opinion.

**21.** See id. at 232.

**22.** See id. at 237–38 (Kennard, J., dissenting).

**23.** See Kollodge v. State, 757 P.2d 1024, 1026 (Alaska 1988).

**24.** See State, Dep't of Highways v. Green, 586 P.2d 595, 606 n. 32 (Alaska 1978).

**25.** Cf. Temple, 84 Cal.Rptr.2d 852, 976 P.2d at 238 (Kennard, J., dissenting) ("[T]o reduce uncertainty in the fact of harm the underlying action should be resolved before the spoliation victim may proceed with an intentional third-party spoliation claim. More specifically, I would require that the spoliation victim must have prosecuted the underlying action to a conclusion on the merits or to a settlement.").

**26.** Barring plaintiffs from bringing intentional third-party spoliation claims until the underlying civil litigation is resolved could unduly extend the period of limitations on spoliation claims, a result we find unwarranted.