Chief Judge KOZINSKI,
dissenting in part:
Because continued litigation of Ellison’s baseless claims wastes the court’s and parties’ time and money, I must dissent from the majority’s remand.
The tempestuous relationship between month-to-month tenant Ellison and landlord Hawthorne should have ended in 2009, but as many dysfunctional relationships do, it’s dragged on for years. In November 2009, Hawthorne sent Ellison a letter terminating her tenancy. Rather than pack her bags and move out, Ellison remained in the apartment, forcing Hawthorne to commence Forcible Entry and Detainer (FED) proceedings. In the meantime, knowing full well that her tenancy was over and she had thirty days to leave, Ellison had the local fire department make a report of missing smoke alarms. She attached the report in support of her answer in the FED action.
Ellison’s pleadings are essentially poorly worded recitations of the elements of the claims for which she seeks recovery. And, as evidence to support these claims, she relies only on her verified state-court answer from the FED action, which includes no proof of damages. This dooms her breach of contract claim: Plaintiffs “need not prove the amount of damages with *374 exact detail, but the evidence must provide a reasonable basis” to compute an award. Ben Lomond, Inc. v. Schwartz, 915 P.2d 632, 636 (Alaska 1996) (internal quotation marks and citations omitted); see also 17B C.J.S. Contracts § 824 (2013).
Ellison also provides zero proof of retaliatory or wrongful eviction. She alleges that Hawthorne evicted her because of her complaints about the premises. Ellison’s state-court answer referenced a report documenting missing smoke alarms completed by the Matsu Fire Department. But this report can’t serve as evidence for retaliatory or wrongful eviction, as Hawthorne sent Ellison a letter terminating her tenancy on November 10, 2009, a month before the report was completed. Causation does not run backwards in time. Nor does Ellison present any other evidence of retaliation.
Ellison also shows no damages from the lack of smoke alarms or any other alleged issue with the apartment so as to raise a genuine issue of material fact as to the unfitness of the premises. We don’t empanel juries to decide theoretical injuries.
Ellison’s breach of covenant of quiet enjoyment claim fails because she can’t support a finding that Hawthorne interfered with her use of the apartment in a substantial way. See DeNardo v. Corneloup, 163 P.3d 956, 960 (Alaska 2007); see also Berrey v. Jeffcoat 785 P.2d 20, 23 (Alaska 1990). In DeNardo. the tenant claimed that his quiet enjoyment had been breached because a neighbor was smoking and the landlord failed to do anything after he complained. DeNardo, 163 P.3d at 960. But “[bjecause DeNardo did not offer facts sufficient to prove that his landlord substantially disturbed his use of the land,” the Alaska Supreme Court held that the claim was properly dismissed. Id. Ellison doesn’t offer evidence proving that Hawthorne interfered with Ellison’s use of the apartment in any way — let alone “in a substantial manner.”
The summary judgment ruling was made by a district judge who served as an Alaska Superior Court Judge for ten years before being appointed to the district court. In fact, she was the judge whose grant of summary judgment was upheld by the Alaska Supreme Court in DeNardo. 163 P.3d at 956. No doubt, she is familiar with Alaska law and, as the Alaska Supreme Court has confirmed, properly applies it. Remanding will not change the ultimate outcome. It will only increase the landlord’s costs, making leases more expensive in Anchorage. I would affirm.